March, 1825, (4 Stat. 118) provides that a party refusing to plead to an "indictment," shall be proceeded against as if he had pleaded not guilty. The act of 3rd March, 1835, (4 Stat. 777) empowers the court to enter a plea of not guilty when a person "indicted" stands mute. The statute of 8th August, 1846, in section 2 (9 Stat. 72) provides for the transfer of an "indictment" from the circuit to the district court, and vice versa; in section three it gives "grand juries" of the district court, cognizance of all crimes and offenses within the jurisdiction of the circuit and district courts; and in section 11 it gives process for witnesses to the defendant in an "indictment" pending. And the first section of the act of 26th February, 1853, (10 Stat. 162) provides for the joinder of offenses in one "indictment," and for the consolidation of "indictments." The statutes that I have cited are not all that might be cited, but they are fair samples. The legislation is uniform, and, to all appearance, that of a legislature ignorant that there is any other authorized mode of procedure than that by indictment. Congress, in the act of 11th June, 1864, (13 Stat. 124) provides a summary proceeding by sworn complaint, instead of indictment, for the trial of offenses not capital nor infamous, when committed by seamen. The third section of this act, by declaring that, on the trial of cases under it, "it shall not be necessary that the accused shall have been previously indicted," distinctly recognizes that, without such declaration, an indictment would have been necessary. Now, if at the time of making this law, congress understood the constitution expressly to adopt for United States courts the proceeding by indictment in certain cases, and by implication (as has been contended), the proceeding by information or indictment, in other cases, then congress knowingly made a useless and a void law. Useless, because an adequately simple and summary procedure for prosecuting such offenses was already provided, namely, by information. Void, because if the constitution adopted one sort of procedure for certain cases, and that sort and another impliedly for all other cases, it thereby anticipated and prevented all provision of other methods by congress. Congress, in passing this act of 1864, evidently had in mind the fifth constitutional amendment; evidently supposed that amendment left it free to provide any mode of proceeding it pleased for the trial of offenses not capital nor infamous; and evidently did not suppose that the constitution fixed in the courts the right to proceed on criminal information. Since the act of 11th of June, 1864, congress has passed no law, from which any mode of procedure may be inferred to be sanctioned, other than those recognized by that and previous enactments.

I am not disposed to take cognizance of a proceeding, which has not ever been used in United States courts, which congress has never adopted or recognized, and which, however convenient it may be, does not give that effectual security against vexatious prosecution which is afforded by the action of a grand jury. I shall, therefore, decline to issue the warrant of arrest in this case. Motion overruled.

## Case No. 15,479.

### UNITES STATES v. JOHN.

[4 Cranch, C. C. 336.] [1]

Circuit Court, District of Columbia. Oct. Term, 1833.

#### LARCENY—THEFT OF POCKET-BOOK.

A conviction for stealing a pocket-book is a conviction of stealing all that it contained, at the time of the theft, belonging to the same owner.

Indictment for stealing a five-dollar bank-note. The prisoner [the negro John] had been convicted, at this term, of stealing a pocket-book valued at ten cents, and sentenced. The bank-note was in that pocket-book, at the time it was stolen, and belonged to the same man, Francis Gray. The verdict, in this case, was taken, subject to the opinion of the court, on the question whether the former conviction of the prisoner, for stealing the pocket-book, is a bar to this prosecution, all matters, or points of law, reserved.

THE COURT (nem. con.) rendered judgment for the prisoner.

UNITED STATES v. The JOHN GRIFFIN. See Case No. 7,348.

## Case No. 15,480.

### UNITED STATES v. JOHNS.

[1 Cranch, C. C. 284.] [1]

Circuit Court, District of Columbia. Dec. Term, 1805.

#### ACTIONS ON DUTY-BONDS.

In actions upon duty-bonds, the United States are entitled to judgment at the return term.

Debt on a duty-bond, returnable to this term; special bail. The defendant [R. Johns] appeared in proper person.

Mr. Jones, for the United States, on the last day of the sitting of the court, moved for, and obtained a rule on the defendant to plead instanter.

The defendant being called, and not appearing, judgment was entered by default, for the penalty to be released on payment of the sum mentioned in the condition, with interest and costs. See Act Cong. March 2, 1799, § 65 (1 Stat. 676).

---

[1] [Reported by Hon. William Cranch, Chief Judge.]